UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON BROWN (#462630)

VERSUS                                        CIVIL ACTION

BURL CAIN, ET AL                              NUMBER 09-196-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 21, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON BROWN (#462630)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 09-196-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Dismiss Pursuant to Rule 12(b) filed on behalf of Warden Burl Cain. Record document number 12. The motion is not opposed.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Sgt. Sharp and Sgt. Adams. Plaintiff alleged that the defendants failed to protect him from attack by a fellow inmate in violation of constitutional rights.

Warden Burl Cain[1] moved to dismiss the complaint for failure to state a claim upon which relief can be granted under to Rule 12(b)(6), Fed.R. Civ. P.

---

[1] Sgt. Sharp and Sgt. Adams were not served with the summons and complaint and did not participate in the defendant's motion to dismiss. A review of Remarks section of the Process Receipt and Return Form USM-285 showed that Sharp and Adams are unknown and were not served. Plaintiff is placed on notice that defendants Sharp and Adams will be dismissed pursuant to Rule 4, Fed.R.Civ.P., unless the plaintiff provides additional identifying information and an address where they can be served with the complaint.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but

it has not 'show[n]—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

Plaintiff alleged that while assigned as a tier walker at Camp J on September 5, 2008, he was attacked by a fellow inmate. Plaintiff alleged that before the attack he told Sgt. Sharp and Sgt. Adams that inmate Mark Hall was "giving him problems" and requested to be assigned to another unit. Plaintiff alleged that the defendants refused to reassign him to another unit. Plaintiff alleged that the defendants were deliberately indifferent to his safety in violation of his constitutional rights.

Plaintiff named Warden Cain as a defendant but failed to allege any facts against him which rise the level of a constitutional violation.

To be liable under § 1983, a person must either be personally

3

involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Cain is responsible for the actions of his subordinates is insufficient to state a claim under § 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's motion to dismiss be granted and the claims against Warden Burl Cain be dismissed.

Baton Rouge, Louisiana, August 21, 2009.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE