UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


BRANDON BROWN (#462630)

VERSUS                                    CIVIL ACTION

BURL CAIN, ET AL                          NUMBER 09-196-JJB-SCR


**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 5, 2010.


STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON BROWN (#462630)

VERSUS                                           CIVIL ACTION

BURL CAIN, ET AL                                 NUMBER 09-196-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Dismiss Pursuant to Rule 12(b) filed on behalf of Sgt. Brian Sharp.  Record document number 21.  The motion is not opposed.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Sgt. Brian Sharp and Sgt. Adams.  Plaintiff alleged that the defendants failed to protect him from attack by a fellow inmate in violation of constitutional rights.[1]

Sgt. Sharp moved to dismiss the complaint for failure to state

---

[1]  The claims against Warden Burl Cain were previously dismissed.  Record document number 15.
    Sgt. Adams was not served with the summons and complaint and did not participate in the defendant's motion to dismiss. Plaintiff was previously placed on notice that claims against Sgt. Adams would be dismissed pursuant to Rule 4, Fed.R.Civ.P., unless he provided additional identifying information and an address where Sgt. Adams can be served with the complaint.  Record document number 13.  Plaintiff failed to provide the information needed to serve Sgt. Adams.

a claim upon which relief can be granted under to Rule 12(b)(6), Fed.R. Civ. P.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where

2

the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950.  The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id*. at 1949-50 (internal quotation marks omitted).

Plaintiff alleged that he reported for work as a tier walker at Camp J at midnight on September 5, 2008.  Plaintiff alleged that he advised Sgt. Sharp that inmate Mark Hall was "giving him problems" and requested to be assigned to another unit.  Plaintiff alleged that Sgt. Sharp denied his request and the plaintiff walked the tier as ordered.

Plaintiff alleged that during the shift change at 5:30 a.m., Sgt. Sharp was relieved by Sgt. Adams.  Plaintiff alleged that he voiced his concerns about inmate Hall to Sgt. Adams.  Plaintiff alleged that Sgt. Adams told him to "keep walking the tier with

3

your scary ass." Plaintiff alleged that near the end of Sgt. Adams' shift, inmate Hall called the plaintiff over to his cell and when the plaintiff arrived he observed inmate Hall striking his head against the cell bars. Plaintiff alleged that he called for assistance from security and attempted to stop inmate Hall from hurting himself. Plaintiff alleged that while he was attempting to assist inmate Hall, Hall cut him on the face with a sharp object. Plaintiff alleged that he was issued a false disciplinary report for aggravated sex offense.

Plaintiff named Sgt. Sharp as a defendant but failed to allege any facts against him which rise the level of a constitutional violation. Although the plaintiff alleged that he told Sgt. Sharp that he was concerned about working on the same tier with inmate Hall, no incident between the plaintiff and inmate Hall took place during Sgt. Sharp's shift, and the plaintiff himself informed Sgt. Adams about the problem with inmate Hall. In these circumstances, Sgt. Sharp cannot be held liable for an incident which occurred when he was no longer on duty.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Sgt. Sharp was not personally involved in the act which allegedly caused

4

the deprivation of the plaintiff's rights.  Nor was there any causal connection between Sgt. Sharp and Sgt. Adams' alleged failure to protect the plaintiff from being attached by another inmate or the issuance of a false disciplinary report.

RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Dismiss Pursuant to Rule 12(b) filed by Sgt. Brian Sharp be granted.  It is further recommended that the claims against Sgt. Adams be dismissed for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P., and that this action be dismissed.

Baton Rouge, Louisiana, February 5, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE